# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **AYOUB HISHAM HAMED,** | ) | |
| **A055-411-579** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  4:13CV00516 HEA** |
| | ) | |
| **RAND BEERS, Acting Secretary of the** | ) | |
| **U. S. Department of Homeland Security[1],** | ) | |
| **and** | ) | |
| | ) | |
| **MICHELLE PERRY, District Director** | ) | |
| **of the U.S. Citizenship and Immigration** | ) | |
| **Services,** | ) | |
| **Respondents.** | ) | |

## OPINION, MEMORANDUM  AND ORDER

This matter is now before the Court on Motion to Dismiss, [Doc. No. 5], filed by the Secretary of the U. S. Department of Homeland Security and Michelle Perry, District Director of U. S. Citizenship and Immigration Services (collectively Respondents). Petitioner has filed a memorandum in opposition to the motion. Respondents have filed a reply.  For the reasons set forth below, Respondent's motion to dismiss is well-taken and is therefore granted.

Petitioner filed this action seeking relief through review of  the decision of Respondents in the denial of his application for naturalization and a judicial determination that he be naturalized. (Motion and Application for Hearing, ¶ 10).

---

[1] On September 6, 2013, Rand Beers became Acting Secretary of Homeland Secretary, replacing Janet Napolitano.

## Facts and Background[2]

Petitioner alleges in the Motion and Application for Hearing and for
Determination of Citizenship that Petitioner is a Permanent Resident Alien of the
United States residing within the Eastern District of Missouri, and this court has
subject matter jurisdiction over this proceeding by virtue of the Immigration and
Nationality Act (INA), specifically  INA 310(c); 8 U.S.C. § 1421 (c) or
alternatively INA 336; 8U.S.C. § 1447.  On November 21, 2011 Petitioner
submitted his Application for Naturalization (N-400) to the Department of
Homeland Security (DHS), United States Citizenship and Immigration Services
(USCIS), which in turn was transferred to the District Office in St. Louis,
Missouri.  On March 15, 2012 he was interviewed and examined by a USCIS
employee in St. Louis pursuant to INA 335(b); 8U.S.C.§ 1446(b). His application
was denied on September 24, 2012. Subsequent to this denial, Petitioner filed a
Request for Rehearing (N-336) and was interviewed relative to the rehearing on
December 28, 2012. The USCIS issued its denial upon rehearing on January 29,
2013.

The USCIS District Office in St. Louis is under the Purview of the Kansas
City District Office which is under the supervisory control of Respondent
Michelle Perry. The eligibility of Petitioner for citizenship arises under INA 319;
8 U.S.C. § 1430.

## Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to

---

[2]  The factual background is taken from the parties' pleadings and is set forth for the
purpose of this motion only.  It in no way relieves any party of the necessary proof of said facts in
later proceedings.

dismiss, such as filed here, for failing to state a claim upon which relief could be granted.  When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).   The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009).  While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949.  The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as

a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The INA, created in 1952, and the corresponding provisions of Title 8 of the United States Code provide the requirements for the process of naturalization. In order to become a naturalized citizen, an applicant must meet certain statutory requirements, including, sufficient periods of residency and physical presence as well as a record of "good moral character" during the requisite periods. 8 U.S.C. § 1427(a). "No alien has the slightest right to naturalization" unless all statutory requirements are met. *Fedorenko v. United States,* 449 U.S. 490, 506 (1981) *quoting United States v. Ginsburg,* 243 U.S. 472, 475 (1917). A naturalization applicant bears the burden of showing his eligibility and compliance with all naturalization requirements. *Berenyi v. Dist. Dir., INS,* 385 U.S. 630, 637 (1967); 8 C.F.R §316.2(b). Any doubts about eligibility should be resolved in favor of the United States and against the applicant. *Id.; see also United States v. Manzi,* 276 U.S. 463, 467 (1928).

Section 316 of the INA requires that "[n]o person...shall be naturalized unless such applicant...during all periods referred to in this subsection has been and still is a person of good moral character...." 8 U.S.C § 1427(a)(3). The period for which an applicant must show good moral character begins five (5) years before the date on which the application for naturalization was filed and runs through the date the applicant is naturalized. 8 U.S.C. § 1427(a). Good moral character is determined by taking into account the "standards of the average

- 4 -

citizen in the community of residence." 8 C.F.R. § 316.10(a)(2). Indeed, one can be found, lacking in good moral character if one committed unlawful acts that adversely reflect upon the applicants's moral character, or "was convicted...of such acts, although the acts do not fall within the purview of Sec. 316.10(b)(1) or (2)." 8 C.F.R. § 316.10(b)(3)(iii).

### Discussion

Respondents seek dismissal of the  Motion and Application for Hearing on the ground that this Court cannot review the matter as Petitioner has failed to state a claim upon which relief may be granted. Petitioner disputes this position.

Respondents argue that as one of the requirements for naturalization is demonstration that one possesses good moral character and that Petitioner has been convicted of Conspiracy to Structure to Avoid Reporting requirements, a felony for which he received a sentence of two years on probation. This conviction precludes him from being able to show he is possessed of good moral character. Since he cannot meet the statutory requirement his Motion and Application for Hearing should be dismissed.

On the other hand, Petitioner argues that he is not precluded from being naturalized because the offense for which he was convicted, and good moral character as it may relate to that offense, is but one factor the Court may consider. In addition, it is argued that even if there are circumstances that reflect upon the absence of good moral character, the Petitioner may be able to present extenuating circumstances in support of his application.

The focal point of consideration, although reviewing the pleadings and record as a whole, appears to be the Petitioner's allegation of having good moral character. ¶ 10 (G) MOTION AND APPLICATION FOR HEARING AND FOR

DETERMINATION OF CITIZENSHIP. In that regard the Respondents have noted that the result of Petitioner's conviction for Conspiracy to Structure in Order to Avoid Reporting Requirements under 31 U.S.C. § 5324(c) of the superceding information precludes naturalization as the conviction and conduct adversely reflects upon his "good moral conduct". The essence of the allegation in the superseding information setting out a conspiracy to violate Title 31, United States Code, Section 5324(c) is that Petitioner and others engaged in certain enumerated overt acts in order to export monetary instruments without reporting the transactions as required by Title 31, United States Code, Section 5316[3]. Respondents' Ex. E. The Petitioner pleaded guilty to, and was found guilty of, those allegations set forth in the superseding information.  As a consequence the Petitioner received a period of probation. The plea of guilty and the admission of facts underlying the elements of the superseding information, finding of guilt by the Court, and sentencing all fall with the five year statutory period relating to "good moral character."  As such, this is conduct which can be, and necessarily must be, the focus of the moral conduct determination.

There are several considerations relating to good moral character in 8 C.F.R. § 316.10. The "standards of the average citizen in the community of residence" is a matter which  shall be considered for naturalization. 8 C.F.R. § 316.10(a)(2). The government-the United States-is within the community of residence of the Petitioner. The government, via legislative enactment, has promulgated that the

---

[3]31 U.S.C. § 5316, entitled Reports on exporting and importing monetary instruments mandates the filing of a report when one "transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time" either out of the United States or from a place outside the United States and into the United States.

conduct Petitioner engaged in is illegal. Such conduct is not within the parameters of the standards of the average citizen in the community of residence.  Such conduct on the part of the Petitioner is also a crime that impacts adversely on his moral character.

The issue in considering a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, there is no question that Petitioner committed an unlawful act by engaging in a conspiracy to Structure to Avoid Reporting Requirements relative certain transactions as required by law under Title 31 of the United States Code, Section 5316. The unlawful act is memorialized in Petitioner's plea of guilty to the superseding information of the charge. Such an unlawful act adversely reflects upon his moral character and raises the vigilant eye of the standards of the average citizen in the community of residence. *See*, 8 C.F.R. § 316.10 (a) (2); 8 C.F.R. § 316.10 (b) (3) (iii). As such, the Court concludes he is statutorily ineligible to be naturalized and has therefore failed to state a claim under 8.U.S.C. § 1421(c).

## Conclusion

The Court now concludes Petitioner has failed to establish the sufficiency of his pleadings and ward off the Rule 12 (b) (6) challenge. The Motion to Dismiss should and must be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss for

Failure to State a Claim, [Doc. No. 5 ], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion and Application for Hearing

is **DISMISSED**.

Dated this 20th day of November, 2013.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE